**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  )<br>  )<br>**Plaintiff,**  )<br>  )<br>**v.**  )<br>  )<br>**SHEENA STRAND,**  )<br>  )<br>**Defendant.**  ) | **CASE NO. 8:14cr283-002**<br><br><br><br>**MEMORANDUM<br>AND ORDER** |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 127, filed by the Defendant, Sheena Strand ("Strand").

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Strand pled guilty to Count I of the Indictment, charging her with possession with intent to distribute 50 grams or more of methamphetamine. She was sentenced on March 23, 2015, to a term of 70 months incarceration, followed by four years of supervised release. Judgment was entered on March 24, 2015. She filed no direct appeal.

On October 3, 2016, Strand filed her § 2255 Motion, asserting that Amendment 794 to U.S.S.G. § 3B1.2, effective November 1, 2015, should apply retroactively to her

sentence and result in a reduction in her guideline calculation, meriting resentencing. U.S. SENTENCING GUIDELINES MANUAL § 3B1.2 (U.S. SENTENCING COMM'N 2015).

First, 28 U.S.C. § 2255 provides that a § 2255 motion must be filed within one year of, in relevant part, "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Because Strand's judgment was entered on March 24, 2015, and she did not appeal that judgment, her § 2255 motion was due on or before March 24, 2016. Her Motion was not filed until October 3, 2016. The Court infers that Stand is contending that because Amendment 794 to U.S.S.G. § 3B1.2, governing decreases in offense levels based on mitigating roles, was effective on November 1, 2015, she should have one year from that date to submit this Motion, but the Court finds no support for the proposition that Amendment 794 extends the limitation on filing of § 2255 motions under 28 U.S.C. §2255(f)(1).

Second, Strand cites *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016), in support of her position that Amendment 794 should apply retroactively and cause her to be resentenced with application of the newly suggested fact-based determinations. Yet, the court in *Quintero-Leyva* simply concluded that Amendment 794 should apply "retroactively in direct appeals." *Id*. at 521. This Court finds no support for the proposition that defendants whose sentences have become final have a right to resentencing to receive the benefit of the guidance Amendment 794 provides for fact-based determinations regarding mitigating role adjustments.

Accordingly,

IT IS ORDERED:

2

1. The Defendant's claims raised in her § 2255 motion, ECF No. 127, are summarily denied;

2. A separate Judgment will be issued; and

3. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at her last known address.

DATED this 3rd day of January, 2017.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge